UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

CASE NO.: 21-CR-129

Plaintiff,

vs.

Gabriel Garcia,

Defendant.
_______________________________________/

**MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS OF GPS MONITOR AND CURFEW DUE TO CHANGE IN CIRCUMSTANCES**

COMES NOW, the Defendant, Gabriel Garcia, and files his Motion to Remove GPS Monitor and Curfew Due to Change in Circumstances, and states the following grounds:

**FACTUAL GROUNDS**

1. On January 19, 2021, the FBI arrested Mr. Garcia, and they brought him before a Magistrate in the Southern District of Florida for his initial appearance, and he later posted the determined monetary bonds.

2. Subsequently, at his first appearance before a Magistrate in the District of Columbia, the Government asked for a GPS monitor and a curfew, and the Court granted the request. Mr. Garcia then sought review of these new conditions in the District Court, but the Chief Judge affirmed the Magistrate's ruling.

3. Since February, Mr. Garcia has remained compliant with his curfew and all other pre-trial release conditions. He has also traveled out of the jurisdiction of the Southern District of Florida, with the Court's permission, without incident.

4. Because of the change in circumstances detailed below, Mr. Garcia respectfully

requests this Court remove the GPS monitor and curfew and impose lesser restrictive means that wound ensure the safety of the community.

5. Since 2017 Mr. Garcia has been self-employed and owns a roofing business, ‘Supreme Aluminum Florida” in Miami and is a general contractor. He oversees 14 employees.

6. As the owner of his business, he would like to open his business 24 hours a day to help pay for all of his legal bills. His legal bills are not just this case: Mr. Garcia’s wife of 15 years recently served him with divorce papers. They have three minor children. As such, he needs to devote more time with his children, and he now has to pay legal fees for his divorce attorney and potentially for his soon-to-be ex-Wife’s attorney too.

7. He also wants to start production on hurricane shutters in his warehouse, especially with hurricane season fast approaching, beginning on June 1 2021. In past years, he usually did this task at night.

8. His business also offers emergency service as a contractor for broken windows, broken doors, and broken garage doors. His curfew has curtailed this part of his business, even though he has employees. And sometimes construction projects do not go as planned, requiring him to be present at the work site past normal working hours. This is particularly true when city inspections are looming the next day, and Mr. Garcia’s company’s work has to be in sync with the engineer’s plans. This exact scenario has happened three times in the past five weeks, and Mr. Garcia could not go to the site due to his curfew.

9. Also, on occasion, the monitor has randomly started beeping loudly around potential clients, immediately followed by an embarrassing phone call from Pretrial Services asking for his exact location.

10. He also had to leave his office door open overnight because one of the workers lost his keys and could not go close it.

11. And the monitor around his ankle is unsafe and a work hazard; he climbs ladders regularly, and the monitor often gets stuck on the next ladder step when climbing; one time, he almost fell off the ladder.

12. He has stopped promoting his business in North Broward and in the Keys (Monroe County, south of Miami-Dade County and also in Southern District of Florida) due to the curfew as he does not want to risk breaking it. He already cannot do work on the west coast of Florida with another contractor because it is outside the Southern District of Florida.

13. And as a business owner, he is used to attending plenty of networking events that, generally, go past 10 PM.

14. Counsel contacted AUSA A. Buckner for the Government's position. She stated the Government opposes this motion, but the Government would not oppose his curfew being modified to 12 AM – 5 AM; and the Government would not oppose Mr. Garcia being allowed to travel within the State of Florida for work purposes, as long he gives Pretrial Services proper notification beforehand.

**MEMORANDUM OF LAW**

Under 18 U.S.C. § 3142(c)(3), the Court "may at any time amend the order to impose additional or different conditions of release." The party requesting modification must "establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness." *United States v. Wei Seng Phua*, 2015 WL 127715, at *1 (D. Nev. Jan. 8, 2015); *see* 18 U.S.C. § 3142(f).

Mr. Garcia submits there have been several changes in circumstances, and new information, that was not known at the time of the hearing that, cumulatively, call for a

reconsideration and modification of his pretrial conditions. Firstly, Mr. Garcia has no criminal history—at all, and he is not a flight risk. Moreover, there are less restrictive means that could ensure the safety of the community. He only seeks to continue running his business successfully to be able to support himself, keep his business solvent, not let go any employees, and pay for his upcoming legal fees. The above detailed change of circumstances stemming from his pending divorce, his business concerns with the upcoming hurricane season, and his need to earn more income constitute a change of circumstances sufficient to grant this request for modification.

Lastly, after being arrested in January, Mr. Garcia posted a $100,000 (10%) bond and a $200,000 appearance/personal surety bond in the Southern District of Florida. Mr. Garcia recently moved to have the $10,000 returned from the Clerk. He filed an unopposed motion for the disbursement of the bond money before the original magistrate in the Southern District of Florida in case 1:21-mj-02093. The Magistrate denied the motion on April 20, 2021, in a paperless order. (DE 10). In the order, the court stated it could not tell from the record that the presiding District Judge vacated any monetary bond requirement and that the motion could be "renewed if the presiding District Judge vacate any monetary bond requirement." Perhaps the court overlooked that the D.C. Magistrate imposed the new pretrial release conditions under a different case number before it was assigned to this Court. In any event, counsel's understanding was that the bond monetary requirement was vacated, or superseded, based on the imposition of GPS monitor and curfew.

**REQUESTED RELIEF**

WHEREFORE, Mr. Garcia respectfully moves this District Court to remove the GPS monitor and curfew conditions. Alternatively, Mr. Garcia requests that only the curfew condition be removed or modified, and that he be allowed to travel within the State of Florida without prior

permission from the Court, if the Court is not inclined to remove the GPS monitor too. Additionally, if the Court is not inclined to grant this motion in full, Mr. Garcia moves this Court to order the Clerk to return the $10,000 he originally posted for his bond.

Respectfully submitted,

/s/Aubrey Webb
Law Offices of Aubrey Webb
55 Merrick Way, Suite 212
Coral Gables, Florida 33134
305-461-1116
Email: aubrey@aqwattorney.com

/s/Charles R. Haskell
Law Offices of Charles R. Haskell
641 Indiana Ave. N.W.,
Washington D.C. 20004
202-888-2728
Email: Charles@CharlesHaskell.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was efiled to the Office of the Clerk, United States District Court, District of Columbia, 333 Constitution Ave., N.W. Washington D.C. 20001, Room 1225 and to the Office of the United States Attorney, 555 4th St N.W., Washington D.C. 20530, on May 3, 2021.

/s/Aubrey Webb