**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-cr-129 (ABJ)** |
| **v.** | : | |
| | : | |
| **GABRIEL AUGUSTIN GARCIA,** | : | |
| **also known as "Gabriel Agustin Garcia,"** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS**

The United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant Gabriel Garcia's (the "Defendant") "Motion to Modify Pretrial Release Conditions of GPS Monitor Due to Chance in Circumstances," filed through counsel on September 1, 2021 (ECF No. 30). In support of his motion to modify, the Defendant proffers a change of circumstances stemming from the "constant danger the GPS monitor poses for his type of work." These circumstances, the Defendant argues, provide sufficient grounds for this Court to grant his request for modification

The government asks that the conditions of release remain the same. The Defendant has shown a willingness to travel across state lines to engage in belligerent and obstructive behavior. The Defendant's heightened conditions of release based on that conduct is entirely appropriate.

**FACTUAL BACKGROUND**

The Defendant is charged in a six-count Indictment for offenses committed at the U.S. Capitol Building on January 6, 2021. In short, the Defendant took part in an aggressive confrontation with U.S. Capitol Police Officers in the Crypt area of the U.S. Capitol Building wherein the Defendant positioned himself at the front of the police line and incited the crowd

1

behind him, saying things such as "storm this shit" between shouting at the officers and calling

them "fucking traitors." After the crowd breached the line of officers, the Defendant moved to the

Rotunda, where he asked "Nancy" to "come out and play."

The government investigation has revealed that the Defendant is a member of the Proud

Boys organization, and that the Defendant – along with several Proud Boys - has taken part in at

least one additional hostile demonstration in Washington, D.C. before the January 6, 2021 Capitol

Riots.[1]

## **PROCEDURAL HISTORY**

The Defendant was arrested on January 19, 2021 in his home state of Florida pursuant to a

Complaint and Arrest Warrant issued by Magistrate Judge Meriweather.[2] On that same date, the

Defendant appeared in the Southern District of Florida. The Defendant waived the removal hearing

and was ordered removed to the District of Columbia.

At the Defendant's initial appearance in the District of Columbia on February 2, 2021,

Magistrate Judge Meriweather granted, over defense objection, the government's oral motion for

GPS monitoring. A curfew was also imposed, from 10:00om to 6:00am. *See* Minute Order

2/2/2021; *see also* ECF No. 9.

The Defendant appealed the ruling, seeking removal of the GPS and curfew conditions.

*See* ECF No. 10. After a hearing on February 17, 2021, the Honorable Chief Judge Howell denied

the Defendant's motion. *See* Minute Order 2/17/2021.

The Defendant has previously sought limited modification of his conditions of release in

---

1 Evidence was found as part of the government's review of the Defendant's Facebook account, as well as his cellular phone. Both the phone and the Facebook account have been disclosed to defense.

[2] *US v. Gabriel Garcia*, 21-mj-95 (RMM)
.

order to attend a funeral and to travel for work. *See* ECF No. 13, 19. Aside from the complete removal of the Defendant's monitor, the government has not objected to those requests. Accordingly, the Court granted the Defendant's unopposed motions. *See* Minute Order 3/12/2021, Minute Order 4/21/2011.

The Defendant has once before moved for modification of his release conditions, seeking, *inter alia*, removal of his curfew and the GPS requirement due to a change in circumstances. *See* ECF No. 22. This Court removed the curfew but kept the GPS requirement. *See* Minute Order 5/5/2021.

On June 10, 2021, the Pretrial Services Agency ("PSA") provided an update regarding the Defendant's compliance with his release conditions. *See* ECF No. 24. In that report, the probation officer noted that the Defendant had been less that forthcoming in his willingness to provide the required documentation substantiating his court-approved travel outside of his home jurisdiction. The probation officer also noted that, according to GPS data, the trip itself did not appear to be work-related and that the GPS data was inconsistent with the Defendant's statements. The PSA did not request any action from the Court.

In a report dated July 12, 2021, PSA noted no known violations of release conditions. *See* ECF No.25.

The undersigned has confirmed with the local probation officer in Miami that the Defendant has not raised any concerns about the GPS monitor posing a safety hazard. The undersigned has also conferred with Pretrial Services Agency for the District of Columbia and confirmed that the PSA opposes the removal of the GPS condition.

## **ARGUMENT**

A person may file a motion for amendment of conditions of release to the Court having

jurisdiction over the offense where the release conditions were set by a Magistrate Judge. *See* 18 U.S.C. § 3145(a)(2). Modifications are generally grounded in new information or a change in circumstances that would merit such a modification. *See e.g. United States v. Hebron*, No. CRIM.A. 97-178 (TAF), 1997 WL 280568, at *1 (D.D.C. May 22, 1997); *accord United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014) (citing 18 U.S.C. § 3142(f)(2)(B)).

As to a change in circumstances, the Defendant echoes his concerns from his May 3, 2021 motion (ECF No. 22), that the ankle monitor poses a safety hazard and that the fact that he is being electronically monitoring is embarrassing – it sometimes goes off when he's speaking to potential clients. Given the change in circumstances, along with his lack of criminal history, the Defendant claims that there are less restrictive means that could ensure the safety of the community.

The government has no doubt that, in addition to the general inconvenience (and even embarrassment) of GPS monitoring, the Defendant's business is affected. Nonetheless, there is no new development in the Defendant's situation that would affect this Court's assessment of the "least restrictive" conditions of release that "will reasonably assure … the safety of any other person and the community. *See Henry*, 314 F. Supp. 3d at 133 (quoting 18 U.S.C. § 3142(c)). The circumstances proffered by the Defendant do not provide this Court with any assurances that the Defendant no longer poses a danger to the community.

Furthermore, the Defendant's "compliance - even model compliance - with the Court's requirements is not enough to warrant adjustment of [the defendant's] pretrial release conditions." *United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018). The fact that the Defendant has no criminal history and has clear ties to his community supports his argument that he is not such a significant flight risk such that he should be detained pending trial, but does not address the efficacy of the GPS monitoring in its mitigation of the Defendant's danger to the

community. Continued GPS monitoring allows the PSA to assess compliance with important conditions of release, such as remaining within the Southern District of Florida and staying out of the District of Columbia. January 6, 2021 was not a one-off for the Defendant. He has a demonstrated willingness to travel across state lines for the purpose of aggressive confrontation.

The government has never sought this Defendant's detention pending trial in this case, as it is the government's position that conditions could be fashioned to assure his return to court and that would assure the safety of the community. However, releasing the Defendant to mere personal recognizance belies the plain fact that he unlawfully entered the U.S. Capitol to disrupt the process designed to effectuate the peaceful transition of power, engaged in obstructive acts against law enforcement while inside the Capitol, and celebrated these crimes throughout the day. That the Defendant has heightened conditions of release based on that conduct is entirely appropriate.

In sum, the Defendant has not raised any novel issue that merits any meaningful change of his release conditions, conditions that are certainly reasonable in light of his conduct and his risk of danger to the community. For that reason and for the reasons listed herein, the government respectfully requests the Court deny the Defendant's motion.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar Number 415793

By:     /s/ Angela N. Buckner
        Angela N. Buckner
        DC Bar #1022880
        Assistant United States Attorney
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, DC 20530
        Phone: (202) 252-2656