UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 21-cr-129 (ABJ) |
| v. | : | |
| | : | |
| GABRIEL AUGUSTIN GARCIA, | : | |
| also known as "Gabriel Agustin Garcia," | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO REMOVE PRETRIAL RELEASE CONDITION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant Gabriel A. Garcia's (the "Defendant") "Motion to Remove GPS Ankle Monitor Based on Change of Circumstances," filed through counsel on February 3, 2022 (ECF No. 55, hereinafter, "Def. Mot."). In support of his motion, the Defendant proffers a change of circumstances stemming from his fall from a ladder (Def Mot. at 1) and "his discovery of a video" which casts "substantial doubt on the Government's allegations" (Def. Mot. at 2).

The Defendant has not raised any novel issue that merits any meaningful change of his release conditions, and the government asks that the conditions of release remain the same. The Defendant has shown a willingness to travel across state lines to engage in belligerent and obstructive behavior. The Defendant's heightened conditions of release based on that conduct is entirely appropriate.

## FACTUAL BACKGROUND

The Defendant is charged in a six-count superseding indictment for offenses committed at the U.S. Capitol Building on January 6, 2021. *See* ECF No. 44. In short, the Defendant took part

1

in an aggressive confrontation with U.S. Capitol Police Officers in the Crypt area of the U.S. Capitol Building wherein the Defendant positioned himself at the front of the police line and incited the crowd behind him, saying things such as "storm this shit" between shouting at the officers and calling them "fucking traitors." After the crowd breached the line of officers, the Defendant moved to the Rotunda, where he asked "Nancy" to "come out and play."

## ADDITIONAL FACTUAL BACKGROUND

*Defense "New" Evidence*

The Defendant states in his motion that a newly discovered January 6, 2021 video filmed outside of the Capitol building "contradicts the Government's allegations." *See* Def. Mot. at 2; *see also* ECF No. 52. In this video, the Defendant is shirtless and pouring water into his eyes (rinsing out a chemical irritant).[1] During the video, the Defendant denies involvement in any confrontation, says that "we want our voices heard," that the "cops are doing their jobs," and calls the election results, "the will of the people."[2] Regarding the chemical irritant, the Defendant says he was at the wrong place at the wrong time.

The Defendant also directs the Court to a second video, a publicly available YouTube video compilation.[3] The relevant portions of the video were filmed inside of the Capitol building on January 6, 2021. In one video clip, the Defendant and other individuals want to move past a small line of officers blocking a hallway. One of the individuals with whom the Defendant stands is violently shouting the officers. Later in the same video clip, the Defendant, along with other individuals, advances down the hallway, towards the officers. As the Defendant advances, the

---

[1] The Defendant is being interviewed outside of the Capitol building (but still on Capitol grounds).

[2] The statements noted above are the Defendant's responses to the interviewer's questions.

[3] The Defendant, through counsel, provided the YouTube link to the government.

2

officers walk backwards (the officers face the Defendant while taking steps in the opposite direction). The video then cuts to a different clip, where the Defendant (and others) walk away from the officers and up a flight of stairs. The Defendant, as he walks away, tells the law enforcement officers that he loves them.

The Defendant points to these videos, at least one (if not both) of which took place after the Crypt breach, as "new information" warranting a reconsideration of the GPS monitoring requirement. *See* Def. Mot. at 2.

**Government Evidence**

The government's statement of facts, *see* ECF No. 1-1, provides a detailed description of the videos the Defendant himself films on January 6, 2021. At trial, the government anticipates introducing additional evidence from the Defendant's phone. For example, a forensic examination revealed the following messages sent by the Defendant as he prepared for his trip to Washington, D.C.:



Later in that same conversation, an individual asked the Defendant whether the Defendant had a vest. The Defendant responded, "of course." As depicted below, the Defendant further stated, "I have side plates":



The Defendant continued with, "taking a knife as well" and "be happy my guns aren't going this

time":



The Defendant further explained, "not for defense," but for "offense":



The Defendant has participated in media interviews aimed at minimizing his conduct on January 6.[4] Yet his private messages shortly after January 6, 2021, reveal a very different Defendant, one willing to "go again"[5]:



Finally, the government's investigation has revealed that the Defendant is a member of the

---

[4] The Defendant "vigorously disputes the characterization that he was calling the police traitors. Rather, he was calling the members of Congress traitors." (Def. Mot. at 3). These arguments closely mirror statements made during a January 2022 interview with a local Miami news outlet: https://www.nbcmiami.com/news/local/a-lot-of-misrepresentation-proud-boy-charged-in-riot-defends-entering-capitol/2655494/.

[5] A preliminary review indicates this message is not directed at President Biden.

Proud Boys organization, and that the Defendant – along with several Proud Boys – has taken part in at least one additional hostile demonstration in Washington, D.C. before the January 6, 2021, Capitol Riots.[6]

## PROCEDURAL HISTORY

The Defendant last requested removal of the GPS monitoring condition in September 2021, alleging that the monitor was only placed because he was "in possession of a legal pocketknife" (ECF No. 30 at 1) and that the ankle monitor "is unsafe and a work hazard" that "randomly" beeps, causing embarrassment (ECF No. 30 at 2). The government opposed this request. *See* ECF No. 32. Finding, among other things, that the Defendant did not identify any change in circumstances, this Court denied the motion. *See* ECF No. 35.[7]

Since then, the Defendant's unopposed motion to travel during the holidays was granted. *See* December 14, 2021 Minute Order. The Defendant's unopposed motion to remove the ankle monitor for medical purposes was also granted. *See* January 26, 2022 Minute Order.

Pretrial Compliance Reports dated September 13, 2021 (ECF No. 36), November 1, 2021 (ECF No. 42), and November 30, 2021 (ECF No. 46) have noted no known violations.

The undersigned has conferred with Pretrial Services Agency for the District of Columbia. PSA-DC defers to the Court.

## ARGUMENT

A person may file a motion for amendment of conditions of release to the Court having jurisdiction over the offense where the release conditions were set by a Magistrate Judge. *See* 18

---

[6] Evidence was found as part of the government's review of the Defendant's Facebook account, as well as his cellular phone. Both the phone and the Facebook account have been disclosed to defense.

[7] This Court also noted that GPS monitoring "is justified by the allegations against defendant and the need to protect the community and assure defendant's future appearances in court" and that the allegations in this case "give rise to legitimate concerns about the defendant's likelihood to engage in similar acts if the opportunity presented itself in the future." *See* ECF No. 35 at 8.

U.S.C. § 3145(a)(2). Modifications are generally grounded in new information or a change in circumstances that would merit such a modification. *See e.g., United States v. Hebron*, No. CRIM.A. 97-178 (TAF), 1997 WL 280568, at *1 (D.D.C. May 22, 1997); *accord United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014) (citing 18 U.S.C. § 3142(f)(2)(B)).

As to a change in circumstances, the Defendant points to (1) his recent accident; and (2) videos depicting the Defendant minimizing his conduct and/or saying nice things to law enforcement officers. Given the change in circumstances, along with his lack of criminal history, the Defendant claims that there are less restrictive means that could ensure the safety of the community.

The Defendant's fall is unfortunate. Yet nothing about his medical condition changes the government's assessment. There is no new development in the Defendant's situation that would affect this Court's assessment of the "least restrictive" conditions of release that "will reasonably assure … the safety of any other person and the community. *See Henry*, 314 F. Supp. 3d at 133 (quoting 18 U.S.C. § 3142(c)). The circumstances proffered by the Defendant do not provide this Court with any assurances that the Defendant no longer poses a danger to the community.

Furthermore, the Defendant's "compliance - even model compliance - with the Court's requirements is not enough to warrant adjustment of [the defendant's] pretrial release conditions." *United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018). The fact that the Defendant has no criminal history and has clear ties to his community supports his argument that he is not such a significant flight risk such that he should be detained pending trial but does not address the efficacy of the GPS monitoring in its mitigation of the Defendant's danger to the community. Continued GPS monitoring allows the PSA to assess compliance with important conditions of release, such as remaining within the Southern District of Florida and staying out of

the District of Columbia. January 6, 2021 was not a one-off for the Defendant. He has a demonstrated willingness to travel across state lines for the purpose of aggressive confrontation.

The Defendant continuously points to his "affiliation with the Proud Boys, the Government's false belief that he is a of leader of the group, [and] his status as a hard-right former Republican Candidate for State Senate who almost won his primary" as the "real reasons" the government requests no change in release conditions. *See* Def. Mot. at 3. Yet the government does not ask this Court to maintain the Defendant's current release conditions based on choice of membership or party affiliation. Instead, the government argues that the Defendant poses a continued danger to the community for four specific reasons: (1) the Defendant's willingness, in the past, to engage in hostile demonstrations in Washington, D.C.; (2) the Defendant's *conduct* on January 6, 2021 and lack of remorse thereafter; (3) the Defendant's messages before January 6, which are probative as to his true intent on January 6, as well as his dangerousness to the community now; (4) the Defendant's past conduct while on release, specifically regarding the pocketknife and the Nashville trip (ECF No. 24-1).

The government has never sought this Defendant's detention pending trial in this case, as it is the government's position that conditions could be fashioned to assure his return to court and that would assure the safety of the community. However, releasing the Defendant to mere personal recognizance belies the plain fact that he unlawfully entered the U.S. Capitol to disrupt the process designed to effectuate the peaceful transition of power, engaged in obstructive acts against law enforcement while inside the Capitol, and celebrated these crimes throughout the day. That the Defendant has heightened conditions of release based on his conduct is entirely appropriate.

**CONCLUSION**

In sum, the Defendant has not raised any novel issue that merits any meaningful change of his release conditions, conditions that are certainly reasonable in light of his conduct and his risk of danger to the community. For that reason and for the reasons listed herein, the government respectfully requests the Court deny the Defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By:   */s/ Angela N. Buckner*
Angela N. Buckner
DC Bar #1022880
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20530
Phone: (202) 252-2656