UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-129 (ABJ) |
| v. : | |
| : | |
| GABRIEL AUGUSTIN GARCIA, : | |
| also known as "Gabriel Agustin Garcia," : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO TRAVEL TO THE DISTRICT OF COLUMBIA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Gabriel A. Garcia's motion for permission to travel to the District of Columbia to observe a trial, consult with his D.C. counsel, and view the publicly accessible areas of the capitol with counsel (ECF No. 70).

As an initial matter, the government does not oppose the Defendant traveling to D.C. to consult with D.C. counsel.[1] Though no trial date has been set in this case, such travel appears necessary for the preparation of his defense and explicitly permitted pursuant to his release conditions. *See* ECF No. 9 at 2. The government requests that any such permission to travel include (1) a curfew limiting Defendant Garcia to his hotel outside of business hours; and (2) a restriction ensuring that Defendant Garcia is not allowed to traverse D.C. freely, but instead limits Defendant Garcia to visiting his D.C. Counsel's office and to obtaining food or other necessities.

As to travel to observe other January 6 trials, the government has spoken with assigned government trial counsel for the case of *United States v. Daniel Dean Egtvedt*, 21-CR-177 (CRC). Government counsel in that case has indicated that the felony bench trial will take approximately

---

[1] Defense counsel's representation that the government objected to his initial motion is accurate. The government now amends its position and offers conditions which it believes are appropriate.

1

one week, from June 6, 2022 to June 10, 2022. The charges in that case include 18 U.S.C. § 231(a)(3) (civil disorder) and 18 U.S.C. §§ 1512(c)(2), 2 (obstruction of an official proceeding), as well as associated misdemeanor charges. In other words, the charges are similar to those Defendant Garcia faces.

The government has also spoken with assigned government trial counsel for the case of *United States v. Christian Alexander Secor*, 21-CR-157 (TNM). Government counsel in that case has indicated that the felony jury trial will take approximately one week, from June 22, 2022 to June 29, 2022, which crosses a weekend. The charges in that case include 18 U.S.C. §§ 231(a)(3), 2 (civil disorder) and 18 U.S.C. §§ 1512(c)(2), 2 (obstruction of an official proceeding), as well as associated misdemeanor charges. The charges are similar to those Defendant Garcia faces.

Finally, the government has spoken with assigned government trial counsel for the misdemeanor case of *United States v. Matthew Martin*, 21-CR-394 (TNM). After presentment, that defendant was released on personal recognizance *See Martin*, 21-CR-394 (TNM), Dkt. No. 7. His conditions included, among other things, that he "stay out of DC except for Court/pretrial business and meetings with attorney." *Id*. Two weeks before the bench trial in his case, the defendant requested, and received, permission to observe a bench trial before the same district court judge presiding over his case, as well as permission to "visit the publicly accessible area around the U.S. Capitol provided that defense counsel accompanies the Defendant during the trip and the Defendant does not enter the Capitol building." *See Id*. at Dkt. No. 29 and April 5, 2022 Minute Entry.

In this case, Defendant Garcia remains subject to, among other conditions, a GPS requirement, though he may travel outside of the Southern District of Florida with the permission of the Pretrial Services Agency. *See* May 5, 2021 Minute Order. As recently as February 10, 2022,

this Court denied Defendant Garcia's request to remove the location monitoring requirement. *See* February 10, 2022 Minute Order.

The facts and evidence supporting the felony charges in this case have been recited by the government many times. *See, e.g.*, ECF No. 1-1, ECF No. 50. Still, it bears repeating that the conduct alleged on January 6, 2021 was not a one-off for Defendant Garcia. Defendant Garcia has traveled to D.C. twice before, in November 2020 and December 2020. Information collected form Defendant Garcia's phone confirms that those visits were not without confrontation.

The government readily acknowledges Defendant Garcia's right to consult with counsel and prepare for trial. And it recognizes that the opportunity to observe a trial in person is unique and useful. However, the government has legitimate concerns regarding whether Defendant Garcia will be capable and willing to curb his behavior upon yet another visit, especially one without a specified range of dates and without appropriate monitoring.

As discussed above, were Defendant Garcia traveling to D.C. *only* to consult with counsel, something that could presumably happen during a one- or two-day visit, the government would not oppose. However, to the extent that Defendant Garcia instead requests permission to remain in D.C. for several days to observe a trial, the government requests the following:

1. A temporary curfew restricting Defendant Garcia to his hotel from the hours of 8:00 p.m. to 6:00 a.m.;

2. An Order directing Defendant Garcia that, aside from short trips for food or other necessities, he may only travel to and from the D.C. District Courthouse, his D.C. Counsel's office, and/or to the public areas of the Capitol Building;

3. A requirement that D.C. Counsel accompany Defendant Garcia at all times to the public areas of the Capitol Building; and

4. Continued location monitoring by D.C. Pretrial Services to ensure that Defendant Garcia does not unreasonably deviate from the approved locations.

Defendant Garcia should of course confirm before traveling that the trial he plans to observe has

not been vacated or adjourned.

Unlike the defendant in *Martin*, Defendant Garcia stands accused of felonious conduct, including an aggressive confrontation with U.S. Capitol Police. The government believes these proposed conditions reasonably assure the safety of any other person and the community.

The government conferred with defense regarding the above-requested conditions:

1. As to condition 1, Defendant Garcia requests that the curfew be 9:00 p.m.
2. As to condition 2, Defendant Garcia objects and requests that he not be restricted to the hotel.
3. Defendant Garcia does not object to condition 3.
4. Defendant Garcia does not object to condition 4.

The government understands that Defendant Garcia's objection to condition 2 is based, at least in part, on a concern about his ability to gather food and supplies. The government then amended condition 2 to address that concern ("aside from short trips for food or other necessities"). The government's intent behind condition 2 is to ensure that Defendant Garcia is not allowed to traverse D.C. freely, but instead is limited to the purpose of his visit. The government does not oppose an Order that allows Defendant Garcia to, before curfew begins, leave his hotel for food and supplies.

**CONCLUSION**

For the reasons listed herein, the government respectfully requests that the Court impose conditions consistent with the government's recommendation. A proposed order is attached.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar Number 481052

By:      */s/ Angela N. Buckner*
            Angela N. Buckner
            DC Bar #1022880
            Assistant United States Attorney
            United States Attorney's Office
            555 Fourth Street, N.W.
            Washington, DC 20530
            Phone: (202) 252-2656