# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-CR-129 (ABJ)** |
| **v.** | : | |
| | : | |
| **GABRIEL AUGUSTIN GARCIA,** | : | |
| **also known as "Gabriel Agustin Garcia,"** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### <u>MOTION TO TRAVEL TO THE DISTRICT OF COLUMBIA</u>

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant Gabriel Garcia's motion for permission to travel to the District of Columbia to observe a trial. ECF Nos. 103, 104, 105.

On Sunday, February 26, 2023, defense contacted undersigned counsel to request the government's position on defendant traveling to Washington, D.C. for the stated purpose of watching trial – that very same week. Before the government had responded, on Monday, February 27, 2023, defense filed a motion to travel. ECF No. 103. In the motion, defense stated that defendant wished to travel to Washington, D.C. to observe trial and confer with his former pro hac vice counsel. He stated that observing a different defendant's trial would assist with his trial preparation and his ultimate decision to go to trial or enter a change of plea. *Id.* at 2. Defendant represented that he would stay in Virginia or Maryland, not Washington, D.C.

Undersigned counsel responded to defense and represented that the government would not object to defendant traveling to Washington, D.C. for the stated purpose of watching trial, so long as the same conditions were in place as previously imposed when defendant traveled to Washington, D.C. for the same purpose.  Defendant filed an updated, "unopposed" motion. ECF No. 104. The Court granted the motion in part. The Court's order noted that defendant did not

1

explain why a second trip is necessary or why there is suddenly an exigent need to attend a trial that had been going on since December. Nevertheless, the Court granted defendant's request to travel and remain in Washington, D.C. The Court imposed several conditions, including that his trip to Washington, D.C. was for "the limited purposes of attending" a trial and meeting with defendant's former pro hac vice attorney and/or current counsel: "The defendant may attend meetings with his counsel or former counsel in their Washington, D.C. offices, and obtain meals within the immediate vicinity of his hotel or his lawyer's offices, but he may not visit any other locations within the District of Columbia without the advance permission of the Court."

Defendant was also restricted from meeting with "any individuals associated with any of the trials he has asked to attend outside the presence of his attorney," and was given a curfew of 8:00 a.m. to 8:00 p.m. while visiting the District.  The Court ordered that defendant must provide his "precise itinerary, including the date and time of his arrival and departure and the address where he will be staying," to the Pretrial Services Agency.

Defendant then filed a motion to "clarify." ECF No. 105. In the motion, defendant requested permission to observe a second trial in the "media spillover room only," as well as a trial before this Court.

The Court again granted defendant's motion, and in doing so noted that "[t]here have been three motions filed in three days and not one has suggested that there have been any exigent circumstances justifying the belated and rushed nature of the requests." The Court modified its order to permit defendant to attend the additional trials.

Defendant provided the United States Probation Office with the following information about this trip:

> I am currently traveling up North to DC in my RV. If I make any stops it will be
> to sleep along a rest stop. I will be staying in my RV which will be parked at

7120 Richmond hwy
Alexandria, VA, 22306-7163

I will be traveling back Saturday evening any issues or questions please let me know.

On Thursday, March 2, 2023, defendant arrived in Alexandria, Virginia at about 4:15 p.m. Defendant then went straight to National Harbor, Maryland to attend the "Conservative Political Action Coalition" Conference ("CPAC DC 23") at National Harbor, where he remained from 5:00 p.m. to approximately 9:27 p.m.  Defendant did not attend any Court proceedings on March 2.

On Friday, March 3, 2023, defendant attended the GossJankowski trial with his attorney for less than three hours. Defendant then traveled back to Maryland to attend CPAC DC 23, where he remained from approximately 1:00 p.m. to 9:00 p.m.

It appears that defendant's last-minute request to travel to Washington, D.C. was not for the stated reason for the trip. In fact, although defendant's travel request was justified by his need to observe trial to "assist in trial preparation" and consult with his former pro hac vice attorney, he spent only few hours at trial – and did not, to our knowledge, meet with his former pro hac vice attorney – but spent about 12.5 hours in National Harbor at CPAC DC 23, taking pictures and socializing with fellow January 6 defendants.



Defendant did not include information about the convention in his itinerary, despite the order from the Court that he provide his "precise itinerary." Thus, undersigned counsel contacted defense counsel regarding defendant's whereabouts on his recent trip to Washington, D.C. and about defendant's attendance at CPAC DC 23. Defense counsel represented that defendant accompanied counsel on March 3 to the GossJankowski trial from about 9:30 a.m. to 12:30 p.m., and stated that attending CPAC DC 23 was not a violation of defendant's conditions.

Defendant then posted on social media:



Government: Why did your client go to CPAC

Attorney: Is outside the circus district.

Government: You stated your client was there with you to the afternoon but he was at National Harbor can you please clarify.

My answer on what I would have said because I got tired of the false prosecution and looking at that Jury panel that all look like they belong on some MSNBC panel with their double masks made me sick so I decided to exit and leave the fucking district for good. Any further questions???

 1                                                    126 👁 03:23 PM

The government is surprised by defendant's whereabouts on his recent trip. The government consented to defendant's travel out of Florida to Washington, D.C. for the limited stated purpose of attending trial and meeting with counsel. It appears, however, that the exigent circumstance warranting defendant's numerous last-minute requests to travel to Washington, D.C. on these precise dates was for the purpose of attending CPAC DC 23 – not watching trial.

This behavior is not new.  In the past, this Court has recognized that the defendant "may have been disingenuous with both the Court and Pretrial Services" in his travel requests.  *See* ECF No. 35.  Here, too.  Despite the Court order to provide his "precise itinerary" to Pretrial Services, defendant failed to mention his attendance at CPAC DC 23, where he spent the majority of his trip.  Similarly, although he stated that he would travel by RV, his social media reflects (perhaps falsely) that he traveled in a private jet.  *See, e.g.*,

https://www.miaminewtimes.com/news/the-farflung-travels-of-miami-jan-6-defendant-gabriel-garcia-16451041.

The issue is not that defendant attended a political event. The real problem is that defendant has repeatedly demonstrated that his representations to the Court should be doubted. Where he purports to need to watch a January 6 trial to make decisions about his own case, in reality, he used "watching trial" as a pretext for attending an out-of-state conference that featured a panel of January 6 defendants, *e.g.*, https://www.washingtontimes.com/news/2023/mar/3/jan-6-defendants-cpac-say-republican-leaders-have-/, and personally meeting at least one such individual.

Because this defendant has continually taken advantage of the permissiveness of the Court with deceptive travel requests, and takes to social media to mock the process, it is apparent that defendant does not appreciate the gravity of the situation he is in and he does not respect this Court's authority.  For these reasons, the Government intends to oppose future travel requests. The government has also notified pretrial services of this issue.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By:    */s/ Ashley Akers*
ASHLEY AKERS
MO Bar #69601
Trial Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20530
Phone: (202) 353-0521