UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-129 (ABJ) |
| v. : | |
| : | |
| GABRIEL AUGUSTIN GARCIA, : | |
| also known as "Gabriel Agustin Garcia," : | |
| : | |
| Defendant. : | |

## GOVERNMENT RESPONSE TO THE COURT'S MINUTE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this brief response to the Court's Minute Order.

> Federal Rule of Criminal Procedure 43(a)(3) provides that, unless the Rule states otherwise, the defendant must be present for sentencing. Rule 43(c) provides that a defendant who was initially present at trial waives the right to be present under certain circumstances, including in a non-capital case when the defendant is voluntarily absent. Defendant has offered to appear virtually for sentencing, but before the Court will enter such an order, the parties must both address forthwith whether he may voluntarily appear virtually pursuant to Fed. R. Crim. Proc. 43(a)(3), and if it is permissible, the defendant must waive his right to appear in person in writing.

Federal Rule of Criminal Procedure 43(a)(3) does not permit the Court to proceed with sentencing when the defendant offers to proceed by videoconference. *United States v. Bethea*, 888 F.3d 864 (7th Cir. 2018) (Defendant, who had serious health issues and limited mobility, could not affirmatively consent to a felony plea by videoconferencing; his physical presence in the courtroom was required); *but see United States v. Edmondson*, 10 F. Supp. 2d 651, 653 (E.D. Tex. 1998), *vacated sub nom. United States v. Navarro*, 169 F.3d 228 (5th Cir. 1999) (holding that the use of video conference technology qualifies as "presence" by the defendant). A defendant that appears by videoconference is not "present" within the meaning of the rule. Indeed, Congress

1

passed the CARES Act to authorize certain felony criminal proceedings to occur over videoconference during the COVID-19 emergency, including sentencing "with the consent of the defendant . . . after consultation with counsel." See Coronavirus Aid, Relief, and Economic Security Act § 15002(b)(2)-(4), Pub. L. No. 116-136, 134 Stat. 281, 528 (2020). It would not have been necessary to pass such a provision had videoconference appearances satisfied the "presence" requirement or Rule 43(a) authorized defendants to waive their presence when they preferred to be elsewhere. *See United States v. Bray et al.*, 23-cr-306 (RC), Sept. 16, 2024 Minute Order ("That act of Congress would have been unnecessary if courts already possessed the power to conduct stages of felony criminal trials over videoconference.").

Indeed, "voluntary absence" has a specific meaning as applied to Rule 43. The limited exception in Rule 43(c)(1)(B) "did not create a general waiver system permitting sentencing by video teleconference whenever a defendant consents." *United States v. Howell*, 24 F.4th 1138, 1143 (7th Cir. 2022). The 1995 Amendments to Rule 43 were "intended to remedy the situation where a defendant voluntarily flees before sentence is imposed" because prior to the amendment, it was "doubtful that a court could sentence a defendant who had been present during the entire trial but flees before sentencing." Fed. R. Crim. P. 43, Advisory Committee Notes; *see also Howell*, 23 F.4th at 1143 ("This waiver provision in Rule 43(c)(1)(B) gives a court the flexibility to proceed with sentencing when a defendant flees or adamantly refuses to be transported peacefully to the sentencing hearing."). A close read of Rule 43(c)(1) confirms the explanation of the Advisory Committee—the rule does not assert that a defendant "can" waive presence, but rather that "a defendant … waives the right to be present." Fed. R. Crim. P. 43(c)(1). Accordingly, Rule 43(c)(1)(B) applies only "when a defendant disobeys Rule 43(a)'s mandate" and declines to appear. *See United States v. Bray et al.*, 23-cr-306 (RC), Sept. 16, 2024 Minute Order (applying

same logic to Rule 43(c)(1)(A) and citing *United States v. Khariton*, No. 2:21-cr-18, 2023 WL 3977695, at *3 (S.D. Ga. June 13, 2023); *see also United States v. Shaver*, No. 6:18-cr-33, 2023 WL 6961552, at *2 (E.D. Ky. Oct. 20, 2023) (concluding that under Rule 43 "the Court cannot permit [the defendant] to appear by videoconference" for a felony sentencing); *United States v. Walker*, No. 15-cr-2846, 2016 WL 9776580, at *6 (D.N.M. Oct. 6, 2016) (concluding that the court "has no discretion to allow Defendant to appear at sentencing by videoconference"); *United States v. Melgoza*, 248 F. Supp. 2d 691, 693 (S.D. Ohio 2003) (concluding that the court "is without authority to permit these Defendants to enter their guilty pleas by way of video conference").

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar Number 481052

By:   /s/ *Jason McCullough*
        JASON B.A. MCCULLOUGH
        D.C. Bar No. 998006; NY Bar No. 4544953
        ASHLEY AKERS
        MO Bar #69601
        Assistant United States Attorneys
        601 D Street, NW
        Washington, D.C. 20579
        (202) 252-7233 // Jason.McCullough2@usdoj.gov
        (202) 353-0521 // Ashley.Akers@usdoj.gov